# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

December 18, 2025

Lyle W. Cayce
Clerk

No. 24-40816

Tierra Caliente Music Group, S.A. De C.V., *doing business as* Remex Music; Midas Musical, Incorporated,

*Plaintiffs—Appellees/Cross-Appellants*,

*versus*

Ser-ca Discos, Incorporated,

*Defendant—Appellant/Cross-Appellee.*

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:18-CV-252

Before Smith, Stewart, and Haynes, *Circuit Judges*.

Per Curiam:[*]

In this case, Tierra Caliente Music Group, S.A. de C.V. ("Tierra Caliente"), a Mexican recording company that produces and distributes music, sued rival recording company Ser-Ca Discos ("Ser-Ca"). On February 15, 2011, Ser-Ca's parent company, Serca Mexico, signed a contract with a music band called La Leyenda. This contract gave Serca Mexico exclusive rights to "commercialize, publish, and distribute the

_____

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

band's music in any format." Serca Mexico assigned its rights under the contract to Ser-Ca, and Ser-Ca then distributed La Leyenda's music in the United States. This contract also had a five-year enforcement term and remained enforceable past 2016 because La Leyenda did not deliver the remaining two contractually required albums until February 3, 2021, which finally ended the contract.

Meanwhile, on August 27, 2015, La Leyenda signed another contract, now giving Tierra Caliente exclusive rights to control and distribute the band's music. From 2016 to 2017, pursuant to its contract with Tierra Caliente, La Leyenda recorded and uploaded twelve songs and videos to YouTube, a music and video-sharing platform. After Ser-Ca learned of these uploads, Ser-Ca's counsel sent YouTube "takedown notices," directing YouTube to take down La Leyenda's songs because Ser-Ca owned the exclusive right to distribute the band's music under the Digital Millenium Copyright Act of 1998 ("DMCA"), 17 U.S.C. § 512.[1] In response, Tierra Caliente claimed that it owned the exclusive right under the DMCA, not Ser-Ca.

In 2018, Tierra Caliente sued Ser-Ca in Texas state court, alleging that it had exclusive rights to distribute La Leyenda's music and that Ser-Ca's takedown notices "undermined [its] business." In 2022, after Ser-Ca removed the suit to federal court, the district court held that, while Ser-Ca's takedown notices were proper under the DMCA, the Copyright Act preempted Ser-Ca's state law claims of tortious interference with a contract, misappropriation, and unjust enrichment. Finally, in January 2024, Ser-Ca's remaining claim for misrepresentation under the DMCA went to trial. After

_____

[1] Congress enacted the DMCA in 1998 as an amendment to the Copyright Act. Pub. L. No. 105-304, § 202, 112 Stat. 2860, 2877–86 (1998) (codified at 17 U.S.C. § 512(a)–(d)).

six days, a jury found that Tierra Caliente knowingly misrepresented that it had an exclusive copyright to distribute La Leyenda's music and awarded Ser-Ca $50,000.00 in attorney's fees. The district court entered judgment for Ser-Ca on its DMCA claim, but it denied Ser-Ca's request for $629,518.45 in attorney's fees, explaining that awarding fees beyond $50,000.00 was unwarranted. The district court also denied in part Ser-Ca's request for broader declaratory and injunctive relief.

On appeal, the parties dispute: (1) whether the district court erred when it held that the Copyright Act preempted Ser-Ca's state-law claims of tortious interference, misappropriation, and unjust enrichment; (2) whether the district court erred when it denied Ser-Ca's request for broader declaratory and injunctive relief; and (3) whether the district court erred when it denied Tierra Caliente's renewed motion for judgment as a matter of law under the DMCA. With respect to those issues, we AFFIRM for the same reasons provided by the district court.

Regarding the district court's denial of Ser-Ca's post-trial application for attorney's fees, we hold that the district court did not abuse its discretion. "[A] district court may not 'award[] attorney's fees as a matter of course'; rather, a court must make a more particularized, case-by-case assessment." *Kirtsaeng v. John Wiley & Sons, Inc.*, 579 U.S. 197, 202 (2016) (quoting *Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 533 (1994)). Here, neither party disputes that the district court had authority to decide whether to award additional attorney's fees. Furthermore, applying the *Fogerty* factors, there is sufficient evidence to show that the district court did not abuse its discretion when it denied Ser-Ca's request. It determined that Tierra Caliente did not bring frivolous arguments, that it had good-faith motivations, and that its arguments were reasonable despite the contrary verdict. Further, the district court determined that the total amount of $629,518.45 did not reflect the "hours reasonably expended to achieve [Ser-Ca's] partial success" under the

No. 24-40816

DMCA. The district court is best positioned to determine whether the motivations of Tierra Caliente were in good faith or if its arguments were unreasonable. Even if a jury eventually found Tierra Caliente to be liable under the DMCA, that alone does not require a district court to award post-judgment attorney's fees. *See Batiste v. Lewis,* 976 F.3d 493, 507 (5th Cir. 2020) (explaining that courts "should give substantial weight to the objective reasonableness of the losing party's position"). For the aforementioned reasons, we conclude that the district court did not abuse its discretion.[2] Therefore, we AFFIRM the district court's denial of additional attorney's fees as well.

---

[2] Judge Haynes notes that she recognizes that we must defer to the district court judge on the issue of attorney's fees, so her view that she likely would have granted more fees as a district judge is not relevant to determining this case. She thus concurs in the opinion.